IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| RECIPROCITY INDUSTRIES, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>CENTURY INDEMNITY COMPANY,<br><br>Defendant. | MC 21-11-BLG-SPW-TJC<br><br>**ORDER** |

Before the Court are Plaintiff Reciprocity Industries, LLC's ("Reciprocity") Motion to Quash Subpoena (Doc. 1), and Century Indemnity Company's ("Century") Motion to Transfer Reciprocity Industries, LLC's Motion to Quash (Doc. 5) and "Emergency Motion" to expedite a hearing and ruling on Reciprocity's motion (Doc. 8).

Having considered the parties' submissions, the Court finds this matter should be transferred to the Bankruptcy Court for the District of Delaware.[1]

---

[1] A motion to change venue is a non-dispositive pre-trial matter and is, therefore, within the province of a magistrate judge's authority under 28 U.S.C. § 636(b)(1)(A). *RD Rod, LLC v. Mont. Classic Cars, LLC*, 2012 WL 6632185, at *7 n.1 (D. Mont. Dec. 19, 2012) ("A change of venue ruling is a non-dispositive matter which need not be submitted as 'proposed findings of fact and recommendations' to the District Judge as otherwise required under 28 U.S.C. § 636(b)(1)(B) with respect to dispositive motions.").

1

I.  **Background**

The Subpoena at issue here, arises out of the Boy Scout Bankruptcy pending in the United States Bankruptcy Court for the District of Delaware. (Doc. 7 at 4.) The bankruptcy has been pending for almost two years. (*Id.*)

Reciprocity is a software development company located in Billings, Montana, providing services such as website management, advertising, and marketing to law firms involved in class action and multi-district litigation. (Doc. 2 at 2.) Reciprocity is not a party to the Boy Scout litigation but was hired by three law firms to compile data entries related to abuse claims being filed by those law firms in relation to the litigation. (*Id.*) More than 15,000 claims were filed and are saved in Reciprocity's case management system. (*Id.*)

Century is an insurance company involved in the Boy Scout litigation. Century contends that when the Boy Scouts initially filed for bankruptcy, they were a defendant in 275 cases and were facing approximately 1,400 additional claims against them. (Doc. 7 at 4.) Century alleges that the Boy Scouts suddenly faced over 95,000 claims as a result of a nationwide campaign by a group of claims aggregators, including Reciprocity, to overwhelm, and thus, influence and undermine the bankruptcy proceedings. (*Id.* at 5, 7.) In addition, Century asserts that thousand of claims were improperly generated in a single day and that there is evidence a lawyer's signature page was photocopied and attached to those claims.

(*Id.* at 5-6.) Based on these concerns, Judge Laurie Silverstein permitted discovery against aggregators, such as Reciprocity. (*Id.* at 7.) Accordingly, on September 10, 2021, Century served Reciprocity with the Subpoena (Doc. 2-1) requesting production of documents related to these claims. (Docs. 2 at 2; 7 at 4-5.)

Reciprocity argues the Subpoena is unduly burdensome and expensive, does not allow a reasonable amount of time to comply, seeks privileged attorney-client communications, and seeks disclosure of confidential business information. (*See* Doc. 2.) Century contends the motion to quash should be transferred to the Bankruptcy Court for the District of Delaware. Reciprocity objects.

## II.     Discussion

Federal Rule of Civil Procedure 45(f), provides that "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." The advisory committee notes explain:

> In the absence of consent, the court may transfer in exceptional circumstances, and the proponent of transfer bears the burden of showing that such circumstances are present. The prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions. In some circumstances, however, transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts. Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion.

Fed. R. Civ. P. 45(f) advisory committee notes to 2013 amendment. "Ultimately, the court must balance the interest of local resolution against factors such as judicial economy and risk of inconsistent rulings." *Venus Med. Inc. v. Skin Cancer & Cosmetic Dermatology Ctr. PC*, 2016 WL 159952, at *2 (D. Ariz. Jan. 14, 2016).

Here, the complexity of the underlying litigation, risk of inconsistent rulings, and judicial economy outweigh the interest in local resolution and warrant transfer. First, the "potential for inconsistent rulings should be avoided and weighs in favor of a single judicial officer deciding all of the disputes." *Venus*, 2016 WL 159952, at *3 (internal quotation and citation omitted). For one, similar motions to quash, filed by other claims-aggregators are before Judge Silverstein. (Doc. 7 at 18-19.) In addition, resolution of the motion to quash involves issues surrounding the Bankruptcy Court's authorization of discovery against claims-aggregators, such as Reciprocity. Because "issues regarding the scope of discovery are more properly resolved by the issuing court which is responsible for case management," it is prudent that Judge Silverstein address this issue. *AmTrust N. Am., Inc. v. Safebuilt Ins. Servs., Inc.*, 2016 WL 1446136, at *5 (D. Mont. Apr. 12, 2016). *See also Moon Mountain Farms, LLC v. Rural Cmty. Ins. Co.*, 301 F.R.D. 426, 429 (N.D. Cal. July 10, 2014) ("When the issuing court has already ruled on issues presented by a subpoena-related motion, exceptional circumstances exist and the court of

compliance may transfer the motion to the issuing court."). As this issue has arisen by other subpoenas in this matter, the risk of inconsistent rulings is high, and thus, this factor favors transfer.

Second, judicial economy supports transfer. The underlying action has been pending in Delaware for almost two years and is proceeding rapidly. The docket contains more than seven thousand entries. (Doc. 7 at 9.) Judge Silverstein "is much more familiar with the history" and complexities of this litigation and related discovery issues. *AmTrust*, 2016 WL 1446136, at *4. The Delaware Bankruptcy Court is, thus, best situated to address Reciprocity's motion to quash.

Last, Reciprocity will not be substantially burdened by transferring the motion to quash to Delaware. Reciprocity argues that it does not have retained counsel licensed in Delaware, and thus, will be substantially burdened by transfer. (Doc. 18 at 23.) The advisory committee notes, however, contemplate this concern, providing:

> If the motion is transferred, judges are encouraged to permit telecommunications methods to minimize the burden a transfer imposes on nonparties, if it is necessary for attorneys admitted in the court where the motion is made to appear in the court in which the action is pending. The rule provides that if these attorneys are authorized to practice in the court where the motion is made, they may file papers and appear in the court in which the action is pending in relation to the motion as officers of that court.

Fed. R. Civ. P. 45(f) advisory committee notes to 2013 amendment. Moreover, Century indicates that all related proceedings are held virtually. (Doc. 7 at 21.)

Any burden, therefore, associated with transferring the motion to quash is minimal. In sum, "[d]ue to the highly complex and intricate nature of the underlying litigation," Judge Silverstein "is in a better position to rule" on Reciprocity's motion. *Wultz v. Bank of China, Ltd.*, 304 F.R.D. 38, 46 (D.D.C. May 30, 2014). Therefore, the Court finds exceptional circumstances exist, permitting transfer to the Bankruptcy Court for the District of Delaware.

### III. Conclusion

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Reciprocity's Motion to Quash (Doc. 1) is **DENIED as moot**;

2. Century's Motion to Transfer (Doc. 5) is **GRANTED**; and

3. Century's "Emergency Motion" (Doc. 8) is **DENIED as moot**.

4. The action shall be transferred to the District of Delaware.

**IT IS ORDERED**.

DATED this 8th day of April, 2022.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge